Brady v New York County Dist. Attorney's Off.
2026 NY Slip Op 03382
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

James H. Brady, Plaintiff-Appellant,
v
The New York County Dist. Attorney's Off., et al., Defendants-Respondents.

Decided and Entered: June 02, 2026
Index No. 154496/15|Appeal No. 6753-6754|Case No. 2025-05010 2025-05011|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, JJ.

James H. Brady, appellant pro se.

[*1]
Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered January 10, 2025, which denied plaintiff pro se James Brady's motion to vacate a protective order prohibiting him from initiating further litigation without prior approval, unanimously affirmed, without costs. Order, same court and Justice, entered July 14, 2025, which denied plaintiff's motion to reargue, unanimously affirmed, without costs.
Supreme Court properly denied plaintiff's motion to vacate, as it was filed in violation of the protective order requiring him to obtain approval of the Administrative Judge before making any further motions (see Curry v Common Ground Community H.D.F.C., 146 AD3d 641, 641 [1st Dept 2017]). Were we to consider the merits of the motion, we would find that plaintiff offered no cognizable reason to vacate the protective order, which was imposed because of plaintiff's pattern of vexatious conduct and repetitive meritless litigation in many actions, including this one.
Supreme Court also properly denied plaintiff's reargument motion, as it too was filed in violation of the protective order (see Curry, 146 AD3d at 641). Were we to consider the merits of the motion, plaintiff failed to demonstrate that the court overlooked or misapprehended any matter of fact or law in denying his motion to vacate (see Mendez v Queens Plumbing Supply, Inc., 39 AD3d 260, 260 [1st Dept 2007]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026